### BLUM v. McNULTY.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

JUDGMENT ⬦=90—VACATING—EFFECT OF STIPULATION.

 Defendant, sued by a dentist for services, arranged a settlement, which was embodied in a stipulation and filed, providing for payment of a part of the amount due and the giving of a note for the balance, and that if defendant failed to comply therewith he would withdraw his answer and plaintiff might take judgment. A judgment having been entered against him on the stipulation, he moved to vacate it, alleging that he never was furnished a bill of particulars, that the services performed for him were of little value, that his wife was an invalid and for that reason he did not mention the suit to her, but that on the day plaintiff obtained judgment he was informed by her that plaintiff had not performed his agreement as to her and had injured her in attempting to do the work. *Held*, that defendant was bound by his stipulation, and the facts set up, even if uncontradicted, afforded no justification for vacating the judgment.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 148, 149; Dec. Dig. ⬦=90.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Richard Blum against William McNulty. From an order vacating a judgment in favor of plaintiff, plaintiff appeals. Reversed, and judgment reinstated.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Wilber, Norman & Kahn, of New York City, for appellant.
William D. McNulty, of New York City, for respondent.

GUY, J. In December, 1914, plaintiff brought action to recover $307, the reasonable value of services and material alleged to have been performed and furnished by him as a dentist between May 1 and December 30, 1909, at the special instance and request of the defend-

ant. The defendant filed a verified answer December 22, 1914, admitting that the services were rendered and material furnished at his request, but denying the alleged value thereof. Subsequently the defendant, an attorney at law, apparently with the permission of the plaintiff's attorneys, negotiated with the plaintiff for the purpose of adjusting the claim, and on or about January 24, 1915, the defendant notified the plaintiff's attorneys that the parties had agreed upon a settlement; that the trial of the action should be adjourned to March 2d, payment of $125 to be made by him March 1st, and a note given for the balance payable in three years. The terms of this agreement were embodied in a stipulation, drawn by the defendant himself, signed by the attorneys and the defendant, and filed in court; the stipulation providing that if the defendant failed to comply therewith he would withdraw his answer, in which event plaintiff on the adjourned day should have judgment for the relief demanded in the complaint. At defendant's request, a further adjournment was given him until March 11th. On the last-named date, defendant or his representative appeared in court and asked for leave to withdraw the stipulation. The request was refused and judgment entered against him on the stipulation. Thereupon the defendant moved to vacate the judgment. An order granting the motion was entered March 16, 1915, and the plaintiff appeals.

The defendant was bound by his stipulation, and the effect of the order is to relieve him from it without any valid reason whatever. In his application to the court below the respondent lays stress on the fact that he never received a bill of particulars, although he demanded one. Why he should receive a bill of particulars in the face of the settlement made on his own initiative is difficult to imagine. He also averred that the services performed for him personally by the plaintiff could not possibly be worth more than $25; that his wife is an invalid, and for that reason he did not mention the suit to her; but that on the day the plaintiff obtained his judgment defendant casually mentioned the fact to her, and she then informed him that the plaintiff had agreed to make a certain plate for her and to render other professional services, but that the plaintiff did not fully perform, and that he caused injury to plaintiff's wife in attempting to do the work.

In the light of the defendant's stipulation, these statements, even if uncontradicted, would afford no justification for vacating the judgment.

There is no warrant for the order appealed from, and it must be reversed, with costs, and the judgment reinstated. All concur.